TOWNSHIP OF FREEHOLD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF JACKSON, TOWNSHIP OF JACKSON ZONING OFFICER, CONSTRUCTION OFFICIAL OF THE TOWNSHIP OF JACKSON AND OTTO A. HOEVER, DEFENDANTS.

JACOB FLAUM, PLAINTIFF, v. TOWNSHIP OF JACKSON, A MUNICIPAL CORPORATION, THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF JACKSON, THE ZONING OFFICER OF THE TOWNSHIP OF JACKSON, THE CONSTRUCTION OFFICIAL OF THE TOWNSHIP OF JACKSON, AND OTTO A. HOEVER, DEFENDANTS.

JOHN AND MARY AN VANDERVEER, ALBERT AND VICKIE LOMBARDO, VINCENT AND LORRAINE CAIN, EARL AND CATHERINE GILL, DAVID AND MARLENE MALEY, EMIL AND LEE DUSIO, FRANK AND ALVINA BIGOS, HARVEY AND RENEE NASCHESE, PETER AND DORIS VENDETTI, RICHARD AND BARBARA COLEMAN, JOHN AND JUDITH HIGGINSON, DAVID AND LORRAINE BRUNELLE AND RAMON AND KATHERINE SAN MARTIN, PLAINTIFFS, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF JACKSON, TOWNSHIP OF JACKSON ZONING OFFICER, CONSTRUCTION OFFICIAL OF THE TOWNSHIP OF JACKSON AND OTTO A. HOEVER, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided February 14, 1979.

376

*Mr. John A. Kaye* for plaintiff Township of Freehold (*Messrs. Kaye & Davison,* attorneys).

*Mr. William J. Wolf* for plaintiff Jacob Flaum (*Messrs. Bathgate & Wegener,* attorneys).

*Mr. Robert R. Breslin, Jr.,* for plaintiffs Vanderveer *et als.* (*Messrs. Beskin & Breslin,* attorneys).

*Mr. Joseph F. Martone* for the Township of Jackson (Township of Jackson, Department of Law).

*Mr. Frederick E. Popovitch* for defendant Otto A. Hoever (*Messrs. Popovitch & Popovitch,* attorneys).

HAVEY, J. S. C. This action in lieu of prerogative writs raises the issue of whether an interested party is entitled to notice of a public hearing held before the governing body

when an unsuccessful applicant appeals from the zoning board's decision pursuant to *N. J. S. A.* 40:55D–17(a)(2).

Defendant Otto A. Hoever applied to the Jackson Township Zoning Board of Adjustment for a special reasons variance to operate a junk yard on a parcel of land known as block 143, lot 1, Township of Jackson tax map. The property in question is located in the M–1 or light industrial zone which does not permit such a use. Public hearings before the zoning board of adjustment were held on five different dates from November 7, 1977 to March 6, 1978. The zoning board denied applicant's request for a variance by written resolution dated March 6, 1978. Plaintiffs, interested parties as defined by *N. J. S. A.* 40:55D–4, either personally or through counsel appeared at the zoning board hearings objecting to the application. The transcript reveals that other interested parties appeared and objected but are not party plaintiffs.

Pursuant to *N. J. S. A.* 40:55D–17 defendant Hoever applied to defendant township committee seeking a reversal of the zoning board's denial. Since no party raised the issue of whether defendant Hoever had the right to appeal it is assumed that he proceeded under subparagraph (2) of *N. J. S. A.* 40:55D–17(a), which gives anyone the right to appeal "[i]f so permitted by ordinance, any other final decision of a board of adjustment or planning board on any other class of applications for development." It is further assumed that the Township of Jackson had adopted an ordinance pursuant to the Municipal Land Use Law permitting such appeals. See *Karas v. Closter Bd. of Adj.*, 155 *N. J. Super.* 39 (Law Div. 1977). On June 12, 1978 defendant township committee held a public hearing on the application, at which time the committee reviewed the transcript of the zoning board, heard and considered arguments presented by the attorney for the applicant and considered certain evidence which was not entered at the hearings before the board. The committee passed a resolution on June 20, 1978 reversing the decision of the zoning board. It is agreed by all parties

that no notice of hearing was sent out by either the applicant or by defendant governing body before its public hearing. Plaintiffs assert that failure to give them, as well as other interested parties who appeared at the zoning board hearings, notice is sufficient reason to declare the actions of the governing body null and void.

Prior to the passage of the Municipal Land Use Law, *N. J. S. A.* 40:55D-1, *et seq.*, applications for special reasons variances were controlled by *N. J. S. A.* 40:55-39(d), which reads:

Recommend in particular cases and for special reasons to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. Whereupon the governing body or board of public works may, by resolution approve or disapprove such recommendation. * * * *

Notice to all persons within 200′ of the property in question was sent pursuant to *N. J. S. A.* 40:55-44. If the matter was favorably recommended nothing in the statute required the governing body or the applicant to give notice to any person that the governing body intended to act on the board's recommendation. In *Sun Oil Co. v. Clifton,* 16 *N. J. Super.* 265 (1951), the Appellate Division held that under the provision of *N. J. S. A.* 40:55-39(d) the governing body was not required to give notice of or to even have a hearing on the recommendation of a zoning board. The court stated:

* * * It undoubtedly would be preferable for the resolution of the governing body to state its reasons for disapproval of the recommendation of the board of adjustment, particularly when that board had detailed the facts and grounds for its recommendation. But it is for the Legislature, and not for the courts, to prescribe the procedure to be followed by the municipality. [at 271-272]

In *Reinauer Realty Corp. v. Paramus,* 34 *N. J.* 406 (1961), the Supreme Court approached the need for notice and hearing in a different manner. The zoning board favorably recommended a special exception use, as provided under *N. J.*

*S. A.* 40:55-39(b), to the borough council for the construction of a gasoline station. The council denied the special exception. The Supreme Court remanded the matter to the governing body for the purpose of making specific findings and a statement of reasons on the record for the denial. Although not part of the holding, Justice Francis, in reversing and remanding, stated:

* * * In this instance the Mayor and Council took the matter under advisement and at a regular public meeting about six weeks later, of which no notice was given to plaintiff, adopted the resolution rejecting the recommendation of the Board of Adjustment. *Failure to give such notice seems to be a fairly common practice but one which, in our judgment, is fundamentally unfair. Although we agree that the property owner is not entitled to a trial type hearing at this phase of the proceedings, the application of ordinary concepts of representative government requires notice to him that his application is to be taken up at a public meeting on a certain date at which time he will be given an opportunity to be heard.* Moreover, in instances where the governing body after hearing argument decides to overrule the recommendation of the Board of Adjustment, the specific reasons for so doing ought to be expressed and made part of the minutes of the meeting, or set forth in the resolution of denial. [at 418–419; emphasis supplied]

In *J. D. Constr. Corp. v. Isaacs,* 95 *N. J. Super.* 122 (1967) rev. on other grounds, 51 *N. J.* 263 (1968), the Appellate Division extended the right to notice of and participation in a hearing before a governing body to all interested parties who may reside within 200′ of the property affected by the variance application. The court stated:

* * * However, the Supreme Court has stated, at least in relation to the status of the applicant for the variance who has been successful before the board of adjustment, that "ordinary concepts of representative government" require he be given notice and an opportunity to be heard before the governing body, albeit only on the record made before the board of adjustment — not a "trial-type" hearing. *Reinauer Realty Corp. v. Borough of Paramus,* 34 *N. J.* 406, 418 (1961).

We are of the opinion that defendant, as a party in interest before the board of adjustment, had a right on a par with that of the applicant for the variance to express his position on the matter when it reached the governing body. [at 129]

The Municipal Land Use Law abandons the zoning board's function of recommending to the governing body special reasons variances. *N. J. S. A.* 40:55D–70.(d) gives the zoning board the power to grant a use variance by an affirmative vote of at least two-thirds of the full authorized membership of the board. The governing body's function to hear and decide use variances is replaced by a procedure wherein it becomes an appellate tribunal. *N. J. S. A.* 40:55D–17. That paragraph of the statute gives any interested party the right to appeal to the governing body (1) any final decision of a board of adjustment approving a special reasons variance, and (2) if so permitted by ordinance, any other decision of a board of adjustment or planning board.

Unlike the prior statute, notice of the meeting to be held by the governing body is provided for in the new law. *N. J. S. A.* 40:55D–17(b) reads as follows:

Notice of the meeting to review the record below shall be given by the governing body by personal service or certified mail to the appellant, *to those entitled to notice of a decision pursuant to subsection 6h.2* and to the board from which the appeal is taken at least ten days prior to the date of the meeting. The parties may submit oral and written argument on the record at such meeting, and· the governing body shall provide for verbatim recording and transcripts of such meeting pursuant to subsection 6f. [Emphasis supplied]

This paragraph refers to notice being given to those entitled to notice of a decision pursuant to *N. J. S. A.* 40:55D–10(h). That section reads:

A copy of the decision shall be mailed by the municipal agency within 10 days of the date of decision to the applicant, or if represented then to his attorney, without separate charge, and to all who request a copy of the decision for a reasonable fee. A copy of the decision shall also be filed by the municipal agency in the office of the administrative officer. The administrative officer shall make a copy of such filed decision available for public inspection at his office during reasonable hours.

*N. J. S. A.* 40:55D–17(b) and *N. J. S. A.* 40:55D–10(h) must be read *in pari materia*. A literal reading of *N. J. S. A.* 40:55D–17(b) would mean that only those persons who have requested a copy of the board's decision would be entitled to notice of appeal. But since an applicant or party must file a notice of appeal within ten days after publication of the zoning board's decision, *N. J. S. A.* 40:55D–17(a), many persons who appear at the board hearings and who are directly interested in the application may not have had an opportunity to request a copy of the board's decision. It would be unfair to interpret *N. J. S. A.* 40:55D–17(b) to preclude an interested party who appeared before the zoning board in opposition to an application the right to notice of appeal merely because he did not yet request a copy of the board's decision. A fairer interpretation of this paragraph is that notice of appeal should have been given to all interested parties who appeared before the zoning board, either in favor of or in opposition to the application, of the time and place of the appeal hearing before the governing body. The Municipal Land Use Law, in contrast to the prior statute, *N. J. S. A.* 40:55–30 *et seq.,* now provides that the governing body at a public hearing shall make a complete review of the zoning board's decision, *N. J. S. A.* 40:55D–17(c), by considering solely the record made before the board, *N. J. S. A.* 40:55D–17(a). It also provides for the making of findings reversing, remanding or affirming the zoning board's decision, *N. J. S. A.* 40:55D–17(d), and permitting interested parties to submit oral and written argument on the record at the governing body's meeting, *N. J. S. A.* 40:55D–17(b). To read the notice section in such a manner as to deprive such interested parties of the right to submit argument before the governing body in order to persuade it to reverse, remand or affirm and to be assured that the governing body does not exceed the record below in its deliberation would negate its very purpose.

In the present case the governing body heard statements and considered evidence not made part of the record before

the zoning board. The question of visability of the junk yard was raised by one of the plaintiffs before the zoning board of adjustment. When, at the township committee meeting, it was stated by the attorney for the applicant that the junk yard could not be seen from a major roadway, plaintiff was unable to contradict that statement since he was not present. An individual who did not testify before the zoning board appeared to give statements regarding the application. Reference was made to documents and materials not made part of the record before the board of adjustment. None of the parties appeared having the opportunity to refute this new evidence or to give "oral or written argument" in opposition to the appeal, simply because they were not notified. See *N. J. S. A.* 40:55D-17(b).

Accordingly, this matter is remanded to defendant township committee for the purpose of having a full appellate hearing. The committee is to give notice pursuant to *N. J. S. A.* 40:55D-17 to all persons who appeared at the zoning board meeting who identified themselves on the record and gave testimony or statements in favor of or against the application. Although it is the governing body that is mandated to give notice under *N. J. S. A.* 40:55D-17, nothing prevents an applicant who appeals an unfavorable decision from giving notice to interested parties in order to properly protect his rights. *Cf. N. J. S. A.* 40:55D-12. At the hearing before the governing body each party may submit oral or written argument on the record and the governing body shall decide the appeal only upon the record established before the board of adjustment. *N. J. S. A.* 40:55D-17(a).

This court retains jurisdiction.